## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-CR-** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 371 (Conspiracy to Commit** |
| **EUGENIA RAPP,** | : | **Mail Fraud)** |
| | : | |
| **Defendant.** | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C),** |
| | : | **28 U.S.C. § 2461(c)** |

### INFORMATION

The United States charges that:

At all times material to this Information:

### Introduction

1.     EUGENIA RAPP ("the DEFENDANT") resided in Virginia and used three email addresses: a D.C. government work account, a personal Gmail account, and a personal Hotmail account.

2.     Individual A operated a nursing school in Florida ("the Florida Nursing School").

3.     Person B worked at the Florida Nursing School.

4.     Persons G, H, and K lived in Florida and were enrolled at the Florida Nursing School. They had no personal or familial relationship with the DEFENDANT.

5.     From in or about 2008 through in or about December 2016, the DEFENDANT was employed as a Vocational Rehabilitation Counselor with the District of Columbia's Department of Disability Services, Rehabilitation Services Administration ("DCRSA").

6.     The DCRSA Vocational Rehabilitation program provides vocational rehabilitation benefits ("VR benefits" or "benefits") to qualified individuals with disabilities to help them prepare for and engage in gainful employment. Such benefits can include funding an individual's post-secondary educational expenses, including tuition and books.

7.    Generally, VR benefits are administered as follows. First, an individual applies for benefits with the DCRSA. Second, a Vocational Rehabilitation Counselor processes the application and renders a determination regarding whether the person is eligible for VR benefits. Third, a purchase authorization is transmitted to the post-secondary educational institution detailing what benefits the beneficiary is authorized to receive. Fourth, the post-secondary educational institution sends an invoice to the DCRSA requesting payment for any authorized benefits, such as tuition. Fifth, the Vocational Rehabilitation Counselor assigned to the individual receiving VR benefits communicates with the DCRSA's Office of Financial Management Support informing the office whether it has permission to pay the invoice. Sixth, payments are sent to the post-secondary educational institution.

8.    For an individual to be eligible to receive VR benefits from the DCRSA:

    a.  a qualified medical professional must determine that the individual has a physical or mental impairment that constitutes or results in a substantial impediment to employment;

    b.  a DCRSA Vocational Rehabilitation Counselor must determine that the individual requires VR benefits to prepare for, secure, retain, or regain employment; and

    c.  the individual must live in the District of Columbia.

9.    DCRSA policy required Vocational Rehabilitation Counselors to disclose any actual or apparent conflict of interest that could impair their professional judgment or appear as a conflict of interest, such as relationships with relatives and close friends who were consumers of benefits or prospective vendors.

## COUNT ONE
### (Conspiracy to Commit Mail Fraud)

10.     From in or about November 2012 to in or about November 2016, in the District of Columbia and elsewhere, THE DEFENDANT, together with other conspirators known and unknown to the United States, did knowingly and willfully conspire, combine, confederate, and agree to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 1341 (mail fraud), in violation of Title 18, United States Code, Section 371 (conspiracy).

### Purpose of the Conspiracy

11.     It was a purpose of the conspiracy for THE DEFENDANT and others to defraud the D.C. government by having vocational rehabilitation benefits awarded to individuals who were not eligible for benefits.

### Manner and Means of the Conspiracy

12.     The manner and means by which this purpose was carried out included the DEFENDANT serving as the Vocational Rehabilitation Counselor for individuals whom she knew were not eligible for D.C. government vocational rehabilitation benefits, including family members, and facilitating the awarding of benefits to individuals who were not eligible for benefits.

### Overt Acts

13.     In furtherance of the conspiracy, and in order to effect the objects thereof, the DEFENDANT and other co-conspirators who are both known and unknown to the United States, in various combinations, directly and indirectly, within the District of Columbia and elsewhere, committed overt acts, including, but not limited to the following:

a. On or about January 17, 2013, the DEFENDANT sent an email from her D.C. government email account to a family member providing instructions regarding obtaining benefits, including information about how the family member could obtain a D.C. identification card.

b. On or about November 13, 2014, the DEFENDANT completed vocational rehabilitation benefits application packages for Person G and Person H, falsely listing D.C. addresses as the current addresses for both.

c. On or about November 14, 2014, the DEFENDANT sent an email from her D.C. government account to Person B asking that Person B invoice the D.C. government regarding benefits associated with Person G and Person H.

d. On or about November 14, 2014, in response to Person B emailing the DEFENDANT invoices for Person G and Person H, the DEFENDANT instructed Person B to use D.C. addresses, not Florida addresses, on both invoices.

e. On or about January 29, 2016, Person B sent an email to the Defendant at her D.C. government account attaching an invoice in the amount of $9,500 for tuition related to Person K.

f. On or about January 29, 2016, the DEFENDANT sent DCRSA's Office of Financial Management Support an email granting permission to pay the $9,500 invoice, which resulted in the D.C. government mailing a check from the District of Columbia to the Florida Nursing School.

**(Conspiracy to Commit Mail Fraud,**
**in violation of Title 18, United States Code, Section 371)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the DEFENDANT shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4

2.      If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the DEFENDANT:

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the Court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property that cannot be divided without

       difficulty;

the DEFENDANT shall forfeit to the United States any other property of the DEFENDANT, up

to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 853(p))

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:

KONDI J. KLEINMAN,
California Bar No. 241277
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6887
Kondi.Kleinman2@usdoj.gov

DATED: June **4**, 2019

5